John A. White Jr., Bar # 1741
WHITE LAW CHARTERED
335 West First St.
Reno, NV, 89503
775-322-8000
775-322-1228 Fax
john@whitelawchartered.com

E-Filed on May 7, 2013

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

In re:

RICK J. ARNAUD,

    Debtor

Case No: BK-N-11-51998-btb
Chapter 7

**DECLARATION OF DEBTOR IN SUPPORT OF MOTION FOR ORDER CONVERTING CASE TO CHAPTER 11**

Hearing Date: Pending
Hearing Time:
Estimated time for hearing:

RICK J. ARNAUD, under pain and penalty of perjury, solemnly declares as follows:

1. That I am the Debtor in the above-entitled case.

2. That I am now and for the past 3 years have been married to my long-time paramour, Lanette Arnaud. That we have 1 child together, which we adopted 2006, Kendall Arnaud, aged 7. That Kendall lives with us at our marital home, 610 Wedge Lane, Fernley, NV, 89408. I have two other children, both adult.

3. That excepting the petition in this case, I have never filed for relief under the bankruptcy laws of the United States or any other country, except that I filed a chapter 7 bankruptcy in 1989 in Sacramento, Calif. I received a discharge in that case.

1

4. That I am 57 years old and have been a developer in Northern Nevada for the past 15 years.

5. That at the time I filed the petition in this case, I had no significant income and all of my development projects were under-water. That with debts in excess of one million dollars, significant deficiency judgments related to real estate foreclosures and very little income, I felt I had no choice but to file for chapter 7 relief.

6. That since filing, my business has improved and I believe that, given the chance, I will be able to pay all my creditors in full or in an amount which they will accept, if not in full.

7. That the reasons I believe my creditors can be paid if I am given the opportunity to do so are:

   (a) At the time the petition was filed, I owned a 50% interest in an LLC (Verti-Crete of Northern Nevada) with Scott Maynes, a non-debtor. Both Scott and I were managing members. At that time, Verti-Crete of Northern Nevada owed the Northern Nevada license for Verti-Crete of Utah, a vertical precast concrete wall company. On the petition date (June 2011) the LLC had no new contract work on the books and its business was essentially dead. On the petition date, the LLC owed approximately $150,000 to Verti-Crete of Utah in unpaid license fees.
   Shortly after the petition was filed, Scott Maynes abandoned the LLC, closed its operating accounts (Cemex Concrete (Sparks Office), Titian Construction Supply, Sparks, and BLT Concrete, Hazen, NV) and bank accounts (Nevada State Bank). Verti-Crete of Northern Nevada, LLC, then stopped all business and has not conducted any business since early 2012. I now

2

sole owner of Verti-Crete Nevada, a sole proprietorship, and the bank accounts are now under that name (Verti-Crete Nevada).

In approximately February of 2013, I arranged with Verti-Crete of Utah to continue doing its Northern Nevada operations. Verti-Crete of Utah is willing to continue working with me under Verti-Crete Nevada. I am now the sole owner of the Northern Nevada Verti-Crete operation.

(b) Verti-Crete Nevada, in my opinion, will prosper under my management. When Mr. Maynes was involved, Verti-Crete's business was solely directed towards large residential development (e.g. subdivisions). It would, for example, put up the required sound walls around large subdivisions [for Ryenen and Bardis, of Sparks, NV (main office in Sacramento), Centex Homes (Sparks), Lennar Homes (Sparks), D.R. Horton (Sparks) and others]. Under my management, Verti-Crete Nevada will keep up relationships with those companies, but has also expanded to government sponsored low income housing and commercial (non-residential) uses. The companies with whom Verti-Crete has traditionally contracted are all, or almost all, now showing increased activity due to the better economy.

(c) My wife's salon (Salon 95, Hwy 95, Fernley, NV) was operating at a loss on the Petition Date (records showing this have been submitted to the Trustee) but is now doing much better and is able to contribute payments towards debt reduction.

(d) My Hart Lane 20 acres (on Hwy 50, near Hazen, NV) ("Ranch") is now capable of turning a profit. On the Petition Date, my water rights (from TCID) were truncated at 80% because of breach problems on the canal. Since the Petition date, 100% water usage has been restored. This will allow me to fully irrigate the 18 acres of alfalfa on that property. In addition, since the Petition date, I have added a horse boarding facility to this property. I

WHITE LAW
CHARTERED
LAWYERS
20TH CENTURY BLDG
335 W FIRST STREET
RENO, NV 89503

T (775) 322 8000
F (775) 322 1228

spend some 4 hours a day, on average, working at the Ranch and tending its needs, time which must be spent so that it can turn a profit. The Ranch is now operating at a profit.

(e) The pizza parlor, MaDoughco, LLC, situate at Hwy 95a, Fernley, continues in business as Round Table Pizza. I own 50% of that LLC with Scott Maynes, who owns the other 50%. It is one of Fernley's 3 pizza parlors. About a month and a half ago, I installed new management and, though it is too early to tell, numbers are slightly up (13%) from last year. MaDoughco is making payments on back sales taxes and back franchise fees (totaling about $140,000), but this pizza parlor should be able to contribute to debt payments in about 18 months, to wit, if the parlor continues at its current schedule of payments, it should be free and clear of tax and franchise fee debt in 18 months.

8. That my Schedules and Statement of Affairs as filed in this case (and as amended) contain some mistakes, mistakes which I have partially corrected by filing amended schedules and which I will continue to correct by filing additional amended schedules. However, none of those mistakes were designed to hurt my creditors. In fact, my Schedules generally overstate my assets and understate my liabilities. There has been no attempt to conceal assets. I have supplied the Trustee with all information requested. All my assets were listed on my initial schedules, filed June 30, 2011 except:

(a) My boat, title to which had been transferred to Main Street Pawn, a Fernley pawnshop, on or about June 11, 2011, six days before the Petition was filed, in return for a $9,000 "loan." It was legally a sale, with an informal understanding that I could repurchase it for $9,000 plus interest and storage if my situation improved. The boat had a FMV of approximately $16,000.

WHITE LAW
CHARTERED
LAWYERS
20TH CENTURY BLDG
335 W FIRST STREET
RENO, NV 89503

T (775) 322 8000
F (775) 322 1228

4

However, I did not have time to sell it as I needed money on an emergency basis to retain Mr. Kenneth Ward (I had borrowed $3,000 plus filing fees temporarily from a friend to pay Mr. Ward his bankruptcy retainer and reimbursed my friend from the boat sale proceeds). I also used part of that $9,000 to keep my home from foreclosure by Bank of the West (I was behind 3 payments and paid 2 of them). At the Trustee's request, I listed the boat on my first amended schedules, filed September 15, 2011, even though I don't own it.

(b) An accounts receivable from Verti-Crete of Northern Nevada for work done in Sunnyvale, California on the Lawrence Station project, completed in November of 2009. I had basically written that off as I did not have the money to bring on a collection suit. When Verti-Crete of Northern Nevada received the money from Lawrence Station (about $20,000, received in the summer of 2011), it delivered $10,000 to me and $10,000 to Scott Maynes. My wife and I used the $10,000 we received to pay back bills (one payment to Bank of the West on our home and two payments to Evergreen note services on the Ranch, and, as well for property insurance and two years of water fees (O and M fees) to TCID so I could irrigate the Ranch. I realize that I here made two mistakes, one being not listing this receivable and the other being spending the money once received rather than turning it over to the Trustee. These mistakes were not intended to defraud the estate or the trustee and, excepting basically the $1000 payment to Bank of West on my home, increased the value of assets owned by the estate.

For example since the Petition Date, I have paid over $30,000 to Evergreen Services to reduce the debt on the Ranch, even though the Ranch is property of the estate. In addition, my LLC, Madoughco, has paid the Nevada Department of Taxation, post-petition, over $10,000, reducing its $39,342.97

claim (filed amount) in this estate (Claim No. 1) by that amount.

In sum, I didn't list the $10,000 as I didn't think it was a viable receivable on the Petition Date and I didn't turn it over to the trustee when the $10,000 was received from Verti-Crete of Northern Nevada, LLC because I simply didn't think about it. I realize I should have discussed this with my attorney before spending it and recognize that I owe the $10,000 to the trustee, unless I am entitled to credit for my post-petition payment of estate obligations. However, no effort to conceal any of this was made. Rather all transactions concerning the $10,000 were routinely submitted to the Trustee by way of complying with trustee requests for information.

(c) My wife's leased salon (Salon 95, Hwy 95, Fernley, NV), discussed above. It had no value on the Petition Date and I was not aware that I had to list property in my wife's name. Nonetheless, I have fully communicated with the Trustee concerning this property.

9. That the TCID allotment of water to the Ranch has recently been increased from 80% to 100%, to wit, restrictions based on canal repairs have been removed. With a 100% water allotment the Ranch can be fully irrigated. However, in order to obtain any water from TCID I must first pay it approximately $3,000. I should have started irrigating a week or two ago and the earlier I can start the better the alfafa production will be. I am however unwilling to spend the $3,000 unless this case is converted to Chapter 11 as that $3,000 would be from post-petition earnings. If I cannot keep the Ranch, I need to put that money to other purposes.

10. That in approximately 2008 I acted as receiver for SJL Investments ("Minute Loan"), an entity which owed my wife and her mother over $60,000. The receivership was carried on 415 Hwy 95a, Suite 603, a building owned by Sierra

West Development, a now defunct LLC at the time owned by Scott Maynes and me as managing partners. In that regard, I was to collect outstanding debt (receivables) being SJL's only asset. I opened an account with Nevada State Bank for this purpose and deposited into that account all monies received, being less than $4,000. I recently received a letter regarding turning over SJL documents to Donald Gieseke, the trustee in Case No. 09-54031-gwz (In re Lehrer). I was unaware that I needed to turn over these records until approximately April 1, 2013. That these records are extensive and are in 8 cardboard bank boxes. I have spoken to my former counsel, Ken Ward, and to Mr. Gieseke regard these records and promptly, at their request, ordered bank statements at a cost to me of some $250.00, which bank statements were received and turned over to Mr. Ward on or about April 16, 2013. Mr. Gieseke advised me to deliver the the SJL boxes to 18124 Wedge Parkway, Suite 518, Reno, NV and I have attempted to do so. However that is a Mailbox Etc. location and they refuse to accept so many boxes. I have so advised Mr. Gieseke and am awaiting further instructions from Mr. Gieseke.

11. That during my career as a developer I conducted my business in an upstanding manner. Neither I nor any of the entities I have been involved with have ever been sued for faulty workmanship. The suits listed in the Schedules are uncontested payment disputes resulting from the economic depression suffered by all developers in this part of Nevada beginning in approximately 2008.

Dated this 7th day of May, 2013

Rick J. Arnaud

WHITE LAW
CHARTERED
LAWYERS
20TH CENTURY BLDG
335 W FIRST STREET
RENO, NV 89503

T (775) 322 8000
F (775) 322 1228

7

## CERTIFICATE OF SERVICE

I hereby certify under penalty and pain of perjury that I am an employee of White Law Chartered and that on the date shown below, I served a true and correct copy of the following documents: DECLARATION IN SUPPORT OF MOTION FOR ORDER CONVERTING CASE TO CHAPTER 11 in the following manner:

☒ a. Via the Court's ECF System to:

| | |
|---|---|
| MICHAEL LEHNERS | michaellehners@yahoo.com |
| KENNETH V. WARD | KenWardLaw@aol.com |
| U.S. Trustee -RN-11 | USTPRegion17.RE.ECF@usdoj.gov |
| JOHN WHITE | Bankruptcy@whitelawchartered.com, john@whitelawcharterd.com |

☒ Via United States mail, postage prepaid, by enclosing a true and correct copy of the above document(s) in a sealed envelope and depositing the same on the date shown below, into the U.S. Post Office, Reno, NV to:

| | |
|---|---|
| RICK J ARNAUD<br>610 WEDGE LN<br>FERNLEY, NV 89408 | ALLEN M DUTRA, Trustee,<br>59 DAMONTE RANCH PKWY, STE B299<br>RENO, NV 89521 |
| W. DONALD GIESEKE, Trustee,<br>18124 WEDGE PKWY., STE 518<br>RENO, NV 89511 | U.S. TRUSTEE - RN - 7<br>300 BOOTH STREET, STE 3009<br>RENO, NV 89509 |
| CRAIG B. MINGAY, ESQ.<br>CHURCHILL COUNTY DEPUTY DISTRICT ATTORNEY<br>165 N. Ada Street<br>Fallon, NV 89406 | |

and to all creditors on the attached mailing matrix at the addresses shown.

Dated: May 7, 2013

_/s/ Mary Hernandez_
Mary Hernandez

WHITE LAW CHARTERED LAWYERS
20TH CENTURY BLDG
335 W. FIRST STREET
RENO, NV 89503
T (775) 322-8000
F (775) 322-1228

8

```
Label Matrix for local noticing      DESERT LAKES HOMEOWNERS ASSOCIATION    United States Bankruptcy Court
0978-3                                C/O RED ROCK FINANCIAL SERVICES        300 Booth Street
Case 11-51998-btb                     7251 AMIGO STREET #100                 Reno, NV 89509-1360
District of Nevada                    LAS VEGAS, NV 89119-4375
Reno
Tue May  7 09:21:08 PDT 2013

76 CARD                               BRENT BEGLEY, ESQ.                     BUSINESS & PROFESSIONAL COLLECTION SVC
Acct No xxx xx9 758                   Acct No xxxxxxxxon #20                 Acct No xxxx0234
PO Box 6402                           PO Box 6951                            PO Box 872
Sioux Falls, SD 57117-6402            Reno, NV 89513-6951                    Reno, NV 89504-0872


BUSINESS AND PROFESSIONAL             CBE GROUP                              CHEVRON / GE MONEYBANK
COLLECTION SERVICE INC.               Acct No xxxxxxxxxxxx0480               Acct No xxxx xxxx xxxx 7632
816 SOUTH CENTER ST.                  PO Box 2635                            Attn:  Bankruptcy Dept
RENO NEVADA 89501-2306                Waterloo, IA 50704-2635                PO Box 103104
                                                                             Roswell, GA 30076-9104


COLLECTION SERVICE OF NEVADA          DEPT. OF EMPLOYMENT, TRAINING & REHAB. Desert lakes Homeowners Association
Acct No xxxxxxxxon #20                Employment Security Division           c/o Red Rock Financial Services
777 Forest Street                     500 East Third Street                  4770 W Teco #140
Reno, NV 89509-1711                   Carson City, NV 89713-0002             Las Vegas ne 89118


FBCS INC                              FERNLEY JUSTICE COURT                  GC SERVICES LIMITED PARTNERSHIP
2200 Byberry Rd. #120                 Acct No xxxxxxxxon #20                 Acct No xxxxxxxxxxxx0217
Hatboro, PA 19040-3797                565 East Main St.                      Collection Agency Division
                                      Fernley, NV 89408-9537                 PO Box 7820
                                                                             Baldwin Park, CA 91706-7820


GREAT BASIN CREDIT UNION              Great Basin Federal Credit Union       INTERNAL REVENUE SERVICE
9970 S. Virginia St.                  9770 S. Virginia Street                200 S. Virginia Street
Reno, NV  89511                       Reno NV 89511-5941                     Suite 105, M/S 5201REN
                                                                             Reno, NV 89501-2400


INTERNAL REVENUE SERVICE              MAIN STREET PAWN                       NEVADA DEPARTMENT OF TAXATION
ATTN:  Bankruptcy Unit                80 East Main St.                       BANKRUPTCY SECTION
Stop 5028                             Fernley, NV 89408-7653                 4600 KIETZKE LN STE L-235
110 City Parkway                                                             RENO, NV 89502-5045
Las Vegas, NV 89106-6085


NEVADA DEPARTMENT OF TAXATION         RENO ORTHODPEDICS                      SHELL
Bankruptcy Section                    555 North Arlington Ave.               Acct No xx xxx x843 8
555 E. Washington Ave., #1300         Reno, NV  89503-4724                   PO Box 6406
Las Vegas, NV 89101-1046                                                     Sioux Falls, SD 57117-6406


U.S. TRUSTEE - RN - 7                 UNITED RECOVERY SYSTEMS, LP            (c)UNITED STATES TRUSTEE
300 BOOTH STREET, STE 3009            Acct No xx xxx x843 8                  300 BOOTH ST STE 3009
RENO, NV 89509-1362                   PO Box 722929                          RENO NV  89509-1360
                                      Houston, TX 77272-2929


ALLEN M DUTRA                         KENNETH V. WARD                        RICK J ARNAUD
59 DAMONTE RANCH PKWY, STE B299       LAW OFFICES OF KENNETH V. WARD         610 WEDGE LN
RENO, NV 89521-1907                   15 WEST MAIN STREET                    FERNLEY, NV 89408-6668
                                      DAYTON, NV 89403-6733
```

W. DONALD GIESEKE
18124 WEDGE PKWY., STE 518
RENO, NV 89511-8134

```
              Addresses marked (c) above for the following entity/entities were corrected
                   as required by the USPS Locatable Address Conversion System (LACS).
```

UNITED STATES TRUSTEE
300 Booth Street #2129
Reno, NV 89509

```
              The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.
```

(u)GREAT BASIN FEDERAL CREDIT UNION         (u)DARREL PAGE                    End of Label Matrix
                                            RE/MAX Realty                    Mailable recipients    30
                                                                             Bypassed recipients     2
                                                                             Total                  32